GULF, C. & S. F. RY. CO. v. STEWART et al.

(Court of Civil Appeals of Texas. Dallas. Nov. 4, 1911. Rehearing Denied Dec. 16, 1911.)

1. PLEADING          (§     411*)—CROSS-COMPLAINT— WAIVER.

Where, in an action against a terminal connecting carrier for injuries to fruit by delay in delivery, defendant claimed that the delay proximately resulted from the default of its connecting carrier in failing to have its waybill show that the freight charges had been prepaid, and filed a cross-bill against such connecting carrier, but it did not appear that any objections were urged to have the connecting carrier dismissed, there being evidence in support of such cross-bill, it was error to instruct a verdict for the connecting carrier under the rule that, while defendant will not ordinarily be permitted to inject into the case by a cross-bill a controversy between itself and a third person, yet, where such an effort is made, advantage must be taken of the rule in limine, or in such a way as not to prejudice the rights of the defendant respecting the matters pleaded in the cross-action by the judgment of the court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1384, 1385; Dec. Dig. § 411.*]

2. APPEAL AND ERROR (§ 882*)—INVITED RULING.

Where, in an action against a terminal carrier for injuries to freight, it pleaded and offered evidence to prove that the default was that of its connecting carrier, and prayed judgment over against the latter, the submission of the issue ·as between plaintiff and the terminal carrier at the latter's request did not amount to an invitation that the court direct a verdict for the connecting carrier.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3604; Dec. Dig. § 882.*]

3. APPEAL AND ERROR (§ 1061*)—REVIEW— PREJUDICE.

Where a terminal carrier on being sued sought to recover over against its connecting carrier in case plaintiff recovered, the submission of the issue between plaintiff and the initial carrier at the latter's request did not render harmless to the latter a peremptory instruction directing a verdict in favor of the connecting carrier.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4211; Dec. Dig. § 1061.*]

4. EVIDENCE (§ 543*)—EXPERTS—VALUE.

Where an expert witness testified that he knew the market value of apples of the character of those in question at T., he was properly admitted to testify as to such value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. § 543.*]

5. APPEAL AND ERROR (§ 971*)—MATTERS OF DISCRETION—COMPETENCY OF EXPERT.

The competency of an expert witness is primarily for the determination of the trial court in the exercise of discretion, which will not ordinarily be reviewed unless abused.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3852; Dec. Dig. § 971.*]

6. EVIDENCE (§ 543*) — EXPERTS — MARKET VALUE.

In an action against a carrier for loss of apples packed in bushel boxes and sold by the box, either in large or small numbers, the correct standard on which to base the value of the apples was the·market value per box, and hence expert witnesses testifying to the market box value of the apples were not incompetent as testifying to retail as distinguished from wholesale value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2356½–2358; Dec. Dig. § 543.*]

7. CARRIERS (§ 135*)—INJURIES TO FREIGHT— DAMAGE.

In an action for injuries to a car load of apples by delay in delivery, an instruction that the measure of plaintiff's damages, if any, was the reasonable market value of the apples at destination and the condition in which they should have been delivered, and the condition

that they were actually in at the time of delivery, was correct.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 599–607; Dec. Dig. § 135.*]

8. CARRIERS (§ 134*)—DAMAGE TO FREIGHT—
    NEGLIGENCE—EVIDENCE.
    Where a car load of apples in controversy arrived at destination February 17, 1910, and was not delivered until the 24th following, during which defendant failed to properly ventilate the cars, causing the apples to rot, there was sufficient evidence to justify a finding of actionable negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 588–592; Dec. Dig. § 134.*]

Appeal from Johnson County Court; J. B. Haynes, Judge.

Action by G. E. Stewart and others against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed in part, and reversed and remanded in part.

Terry, Cavin & Mills, A. H. Culwell, and Rodman S. Cosby, for appellant. Walker & Baker and Flippin, McCormick, Gresham & Freeman, for appellees.

TALBOT, J. This suit was instituted by the appellee G. E. Stewart against the appellant, Gulf, Colorado & Santa Fé Railway Company. The material allegations of the plaintiffs' petition are that plaintiff was the owner of a certain car load of apples which had been on the 14th day of February, 1910, delivered to the defendant at Ft. Worth, Tex., for transportation to Temple, Tex.; that said car of apples had originally been shipped from Fruita, Colo., to Kansas City, Mo., where same had been put in cold storage, and thence shipped to Ft. Worth, Tex.; that the freight on said car had been prepaid to destination, and that the contents of the car, to wit, 540 boxes of apples, were in first-class condition when delivered to the defendant at Ft. Worth, Tex.; that the said car reached Temple, Tex., on the 17th day of February, 1910, and was not delivered to the plaintiff until February 24, 1910, although plaintiff made repeated demands upon defendant for delivery; that during the time said apples were being held by the defendant at Temple the weather was hot; that plaintiff notified the defendant, Gulf, Colorado & Santa Fé Railway Company, that the ventilators of the car were closed; and that, unless the same were opened and the car ventilated, the apples would rot, but that the said defendant negligently failed to open the ventilators in said car or otherwise ventilate the same, and refused to allow plaintiff access to the car; that finally, on February 24, 1910, late in the afternoon, said defendant placed the car of apples for unloading, and gave plaintiff permission to enter same; that upon entering the car on that date plaintiff found the apples badly damaged; that they had become too hot, had

sweated, soured and rotted to such an extent that they were practically worthless, to plaintiff's damage $850; that this condition of the apples was the direct result of the wrongful and negligent conduct of the defendant, Gulf, Colorado & Santa Fé Railway Company, in refusing to deliver the same to plaintiff, and in refusing to open the ventilators in the car or to otherwise ventilate said car. The defendant, Gulf, Colorado & Santa Fé Railway Company, answered, and alleged, in substance, that the shipment in question originated November 4, 1909, at Fruita, Colo., from which place they were transported to Kansas City, Mo., and there put in cold storage from November 8, 1909, to February 5, 1910; that said shipment was then transported over various lines of railroads to Ft. Worth, Tex., where on the 14th day of February, 1910, it was delivered to the defendant, Gulf, Colorado & Santa Fé Railway Company, to be thence transported to Cleburne, Tex., from which place it was diverted, upon the order of the shipper, to Temple, Tex., arriving at said place about 6:50 p. m. February 18, 1910; that said shipment from Fruita, Colo., to Temple, Tex., was a through shipment, and moved on one bill of lading from point of origin to destination; that said shipment, while in the custody of the defendant, was handled with all due and reasonable dispatch, was properly ventilated, and that the said defendant was not in any manner negligent in regard thereto. Said defendant pleaded that the injury to the apples was caused by the natural result of the length of time necessarily consumed in the shipment of the said car of apples from Fruita, Colo., to Kansas City, Mo., the retention of same at Kansas City in cold storage, and the reconsignment of same to Temple, Tex.; and by way of cross-action pleaded that, if any unreasonable delay occurred at Temple, said unreasonable delay was proximately caused by the negligence of the Missouri Pacific Railway Company, the initial carrier, in failing to show on the waybill issued by it that the freight charges on said shipment had in fact been prepaid, and prayed that the Missouri Pacific Railway Company be made a party to the suit, and that it have judgment over against the Missouri Pacific Railway Company for any amount adjudged against it.

The appellee Missouri Pacific Railway Company answered the cross-bill of the defendant, Gulf, Colorado & Santa Fé Railway Company, and pleaded among other things not necessary to state, as special grounds of exception to said bill, that "it had been improperly joined a party to this suit by the Gulf, Colorado & Sante Fé Railway Company, for that the plaintiff herein does not seek a recovery against the said Gulf, Colorado & Santa Fé Railway Company for

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r indexes

any fault, negligence, or wrong committed by the Missouri Pacific Railway Company, and there are no pleadings filed herein whereby recovery is sought or would be authorized by plaintiff against the Gulf, Colorado & Santa Fé Railway Company for any failure, default, or negligence attributable to the Missouri Pacific Railway Company." A jury trial resulted in a verdict in favor of the plaintiff against the defendant, Gulf, Colorado & Santa Fé Railway Company, for $407.50, and in obedience to a peremptory instruction given by the court in favor of the Missouri Pacific Railway Company. Judgment was entered in accordance with the verdict, and the Gulf, Colorado & Santa Fé Railway Company appealed.

[1] In the seventh paragraph of the court's general charge, the jury were instructed that, regardless of what their verdict might be as between the plaintiff and the Gulf, Colorado & Santa Fé Railway Company, they should return a verdict for the Missouri Pacific Railway Company. This charge is the subject of appellant's first assignment of error, and the contention made is, in effect, that as the appellant specially pleaded that the Missouri Pacific Railway Company had been guilty of negligence in failing to have its waybill show that the freight charges on the shipment of apples in question had been prepaid, and that such failure was the proximate cause of the delay in the delivery of said apples, and as there was sufficient evidence introduced to sustain this plea, the court erred in peremptorily instructing a verdict in favor of the Missouri Pacific Railway Company. This contention, we think, in view of the state of the record before us, must be sustained. It seems to be a very well established general rule that an original defendant is not entitled to have a third party brought into the suit by crossbill seeking judgment over against him for such an amount as the plaintiff may recover in the original suit, unless the plaintiff by the allegations of his petition seeks to hold such defendant liable for the negligence or default of such third party. In other words, as we understand the rule, the defendant will not ordinarily be permitted to inject into the case by cross-bill for determination a controversy between him and a third party, unless complete justice cannot be done on the original bill and answer as to the matters charged in the original bill. 16 Cyc. p. 325. We think, however, that, where such an effort is made as was done in this case, advantage should be taken of the rule mentioned in limine, or at such time and in such way as not to prejudice or preclude the rights of the defendant in respect to the matters pleaded in the cross-action by the judgment of the court. Had this been done and the defendant's cross-action been dismissed, thereby eliminating the Missouri Pacific Railway Company from the case, we think there would have been no

error in the court's action. Such a course was not pursued. As shown by our statement of the case, the Missouri Pacific Railway Company filed a special demurrer to defendant's cross-bill to the effect that it was improperly brought into the case, because the plaintiff did not seek a recovery against the defendant, Gulf, Colorado & Santa Fé Railway Company, for any wrong or negligence committed by the Missouri Pacific Railway Company, and no recovery against said company would be authorized by plaintiff's pleadings, but the record does not show that this demurrer was urged or passed upon by the court, or that any other steps were taken to have the Missouri Pacific Railway Company dismissed from the case. The record does show, however, that, in obedience to the court's direction given in his charge after the introduction of the evidence was closed, the jury returned a verdict in favor of the Missouri Pacific Railway Company, and upon the verdict judgment was entered that the said Gulf, Colorado & Santa Fé Railway Company take nothing by reason of its claim and cross-bill against the Missouri Pacific Railway Company, and that said last-named defendant go hence without day and recover its costs of said Gulf, Colorado & Santa Fé Railway Company in this behalf expended; that the allegations of the defendant's cross-bill and the evidence offered in support thereof was sufficient to raise the issue that the Missouri Pacific Railway Company was guilty of negligence in failing to have the waybill introduced in evidence showing the prepayment of the freight charges on the car of apples, and that such negligence was the proximate cause of the delay in delivering the car of apples to plaintiff and the consequent injury to said apples. Under these circumstances, the defendant Gulf, Colorado & Santa Fé Railway Company was entitled to have this issue submitted for the determination of the jury as between it and the Missouri Pacific Railway Company.

[2, 3] The submission of that issue as between the plaintiff and the Gulf, Colorado & Santa Fé Railway Company at the request of said company cannot reasonably be said to have invited the court's action in directing a verdict for the Missouri Pacific Railway Company, nor do we think the submission of that issue as between the plaintiff and the defendant Gulf, Colorado & Santa Fé Railway Company rendered the peremptory instruction directing a verdict in favor of the Missouri Pacific Railway Company harmless as to said defendant. We are not prepared to say that it is entirely probable that, had that issue been submitted solely as between the two railway companies, the jury's finding upon it would have been the same as that necessarily implied by the verdict rendered. We therefore hold that, inasmuch as the defendant's cross-action was not dismissed, but evidence heard in sup-

port of the allegations upon which it was founded and judgment rendered against the defendant in respect thereto which would probably be a bar to any future action by it against the Missouri Pacific Railway Company upon the same cause of action, the giving of the peremptory instruction directing a verdict for the Missouri Pacific Railway Company was error, for which the judgment as between the Gulf, Colorado & Santa Fé Railway Company and said Missouri Pacific Railway Company must be reversed, and the cause remanded as to them for a new trial.

[4] The second and third assignments of error complain of the admission of certain testimony offered by the plaintiff relating to the market value of the apples at Temple, Tex. There was no error in this ruling of the court. The witness testified positively that he knew the market value of the apples at Temple, and that the same was $2.25 per box. The fact that the witness in connection with the statement that he knew the market value of the apples at Temple said that he had contracted to sell some of the apples at Belton, Tex., for $2.25 per box does not seriously affect the question. In addition to saying that he had made such a contract, he further stated in that immediate connection that the market value of such apples at that time at Temple was $2.25 per box. Besides, it was further shown that Belton was only eight miles from Temple, and that the market value of apples varied but very little in different parts of Texas.

[5] Again, it is well established in this state that the question of the competency of an expert witness is primarily one for the determination of the trial court, and that its discretion will not ordinarily be reviewed unless it appears this discretion has been abused. Dallas Con. Elec. St. Ry. Co. v. English, 42 Tex. Civ. App. 393, 93 S. W. 1097. There is no abuse of the court's discretion shown in this instance.

[6] Nor did the court err, as is contended under appellant's fourth assignment, in refusing to exclude the testimony of the witnesses Stewart and Robinson, on the ground urged that they were not qualified to testify as to the market value of the apples at Temple, because their testimony was as to the retail value of the apples. The evidence shows that the apples were packed in bushel boxes, and that they were sold by the box either in small or large numbers. The testimony in question was as to the market value per box, which was the correct standard upon which to base the value. There is no evidence in the case tending to raise any other standard than by the box.

[7] The fifth and sixth assignments of error will also be overruled. The charge of the court on the measure of damages, to the effect that, in the event the jury should find for the plaintiff, the measure of his damages would be the difference, if any, in the reasonable market value of the apples at Temple, in the condition in which they should have been delivered and the condition that they were actually in at the time of delivery, is correct, and, when considered in connection with the fourth paragraph of the general charge and the special charge given, does not authorize the jury to consider the damage to the shipment caused by the trip and the time they were in cold storage, as is, in effect, contended by appellant, but instructed the jury that they could not consider in arriving at their verdict any such elements of damage.

[8] The other assignments of error urge that the evidence failed to show any negligence on the part of the defendant, Gulf, Colorado & Santa Fé Railway Company, that would render it liable, and that the verdict is excessive. In neither of these contentions do we concur. The evidence is amply sufficient to support the verdict, and the amount thereof is not excessive. The judgment of the court below as to the plaintiff is affirmed, but, as to the Missouri Pacific Railway Company, it is reversed, and the cause remanded for a new trial on defendant's cross-action.

Affirmed in part and reversed and remanded in part.