STAR MILL & ELEVATOR CO. v. SALE et al.

(Court of Civil Appeals of Texas. Dallas. March 23, 1912.)

1. PLEADING (§ 104*)—JURISDICTION—AMOUNT IN CONTROVERSY.

A plea to the jurisdiction because certain items of expense sued for and necessary to establish a claim within the jurisdiction of the court could not be recovered as a matter of law was insufficient, where it was not alleged that such items were sued for and claimed as a part of the damages, in order to fraudulently confer jurisdiction on the court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 213–217; Dec. Dig. § 104.*]

2. SALES (§ 418*) — DEFICIENT QUALITY — MEASURE OF DAMAGES—LESSENING LOSS.

While ordinarily the buyer's measure of damages for inferior quality of oats purchased is the difference in the market value of the oats contracted for and the market value of the oats actually delivered, he may nevertheless recover

the reasonable expense incurred in blending the poor oats with better ones and for resacking, storage, insurance, demurrage, and expenses necessary to increase the price of the oats and lessen the ultimate loss.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by C. B. Sale and another against the Star Mill & Elevator Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

McReynolds & Hay, of Sherman, for appellant. E. C. McLean and Abney & Hassell, all of Sherman, for appellees.

RASBURY, J. Upon an offer made by Star Mill & Elevator Company of Amarillo, Potter county, Tex., Pittman & Harrison Company, of Sherman, Grayson county, Tex., bought from the first-named company a car load of seed oats, which were to be shipped out when directed by Pittman & Harrison Company and delivered to any Texas common point. Pittman & Harrison Company bought the oats upon warranty as to quality. The oats were on request shipped to and delivered in Groesbeck to a customer of Pittman & Harrison Company, who refused same, claiming they were inferior in quality to those agreed to be delivered. Pittman & Harrison Company, through one of its officers, Emil Benzel, who went to Groesbeck to look into the matter, undertook to resell the oats in Groesbeck, but found no market there for them, and, in order to avoid greater loss, was compelled to and did reship or divert the oats to Houston, the nearest market. When the car reached Houston, the market there was so poor that Pittman & Harrison Company stored the oats in order to minimize the loss and awaited an opportunity to sell in the market; and, in order to do this, it was necessary to blend the good with the bad oats, and resack same, which was done and incidental to which Pittman & Harrison Company expended $117.08 for new sacks, resacking, storage, insurance, demurrage, telephone, and telegrams, switching charges, and expenses of Benzel to Houston. Subsequently the oats were sold in the Houston market for 53 cents per bushel which was the best price obtainable therefor in the market and a better price than could have been obtained at any time prior thereto. If the oats at the time of their arrival at Groesbeck had been equal to the sample and warranty upon which they were sold to Pittman & Harrison Company, they would have brought in Groesbeck and in Houston 68 cents per bushel, thus making a loss to Pittman & Harrison of 15 cents a bushel on 1,301 bushels, or $195.-

15 plus the $117.08, expended in preserving the oats. Pittman & Harrison Company, in the usual course of business, paid Star Mill & Elevator Company for the oats before the inferior quality of same was known. Their claim against Star Mill & Elevator Company for damages arising out of the shipment was sold to C. B. Sale, appellee, and payment guaranteed. Sale in time sued Pittman & Harrison Company and Star Mill & Elevator Company in the county court of Grayson county. Pittman & Harrison Company asked judgment over against Star Mill & Elevator Company on its warranty for such amount as Sale might recover against it. The case was tried before the county judge without the intervention of a jury. It will not be necessary to detail the pleadings since appellant raises but the single question of jurisdiction, claiming that the county court was without jurisdiction because as a matter of law the items of expense above detailed could not be recovered as part of the damages resulting from the inferior quality of the oats, which, if true, would reduce the sum claimed to an amount below the jurisdiction of the court.

[1, 2] We find no merit in this contention, for the reason that the plea to the jurisdiction of the court does not allege that said items were sued for and claimed as a part of the damages in order to fraudulently confer jurisdiction upon the court (Dwyer v. Bassett, 63 Tex. 274; Tidball v. Eichoff, 66 Tex. 58, 17 S. W. 263; Ratigan v. Holloway, 69 Tex. 468, 6 S. W. 785), and because we are of opinion that said items were proper items of damage; for, while it is true that the ordinary measure of damages in this case would be the difference in the market value (in Groesbeck or Houston) of the oats as contracted for and the market value of those actually delivered, yet we see no reason why the general rule should preclude the buyer from also recovering any reasonable expense incurred in protecting and preserving the oats, since to do so would tend to increase the price of the oats in the market and lessen the ultimate loss thereon. Railway Co. v. Levi & Bro., 59 Tex. 679; Winne v. Railway Co., 31 Iowa, 587.

Appellees Sale and Pittman & Harrison Company having filed cross-assignments in the court below complaining of the action of the county judge in refusing judgment for said items, it becomes our duty under our views of the case to reform the judgment of the lower court, and here enter judgment for appellee Sale against both Pittman & Harrison Company and Star Mill & Elevator Company for $312.23, with interest at 6 per cent. per annum from January 1, 1908, and against Star Mill & Elevator Company in favor of Pittman & Harrison Company for a like amount.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes