## ARBUCKLE BROS. v. EVERYBODY'S GIN & MILL CO.

(Court of Civil Appeals of Texas. Dallas. May 11, 1912. Rehearing Denied June 8, 1912.)

1. APPEAL AND ERROR (§ 501*)—RECORD—PRESENTATION FOR REVIEW.

Defendant's special exception to the plaintiff corporation's want of capacity to do business in the state was not presented for review, where the record failed to show that it had been called to the attention of the trial court or that the trial court had taken any action thereon.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–2305; Dec. Dig. § 501.*]

2. APPEAL AND ERROR (§ 724*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

Under the statute providing that the appellant shall file assignments of error distinctly specifying the grounds relied on and that all errors not distinctly specified are waived, the defendant's elevator company's special exception to the plaintiff corporation's want of capacity to do business in the state was not presented for review by an assignment that the 'court erred in defining the care owed by the defendant in respect to the corn whose damage was the subject of the suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2997–3001, 3022; Dec. Dig. § 724.*]

---

**3. APPEAL AND ERROR (§ 719\*)—ASSIGNMENTS OF ERROR—FUNDAMENTAL ERROR.**

Want of capacity in the plaintiff corporation to do business in the state was not fundamental error which the appellate court will review without an assignment of error; it going merely to the plaintiff's right to sue and not to the merits of the suit.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2968–2982; Dec. Dig. § 719.\*]

**4. WAREHOUSEMEN (§ 34\*) — MEASURE OF DAMAGES—EXCESS STORAGE.**

Where corn is stored in an elevator and while there becomes damaged by the negligence of the elevator company in caring for it, the ordinary measure of damages is the difference between the value of the corn before the damage was done at the time agreed on for delivery and its value after the injury to it; but, where by reason of its damaged condition the owner is unable to remove it at the end of the agreed time and is required to pay storage for the additional time, he may recover back these excess storage charges also as a part of his damage.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 71–85; Dec. Dig. § 34.\*]

**5. WAREHOUSEMEN (§ 34\*) — MEASURE OF DAMAGES—LOSS OF FREIGHT REFUNDS.**

Where the owner of corn conveyed by railroad to an elevator and stored therein has an agreement with the railroad whereby he is to receive a refund of part of his freight charges in case he permits the railroad to reconvey the corn within an agreed time, and where, by reason of the corn's being damaged through the negligence of the elevator company, the owner is unable to have the corn reconveyed within this agreed time, the owner may, as part of his damages, recover from the elevator company the resulting loss of the freight refund.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 71–85; Dec. Dig. § 34.\*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Everybody's Gin & Mill Company against Arbuckle Bros. From a judgment for plaintiff, defendants appeal. Affirmed.

Alex. S. Coke, of Dallas, for appellants. W. J. J. Smith, of Dallas, and Spoonts, Thompson & Barwise, of Ft. Worth, for appellee.

RASBURY, J. Arbuckle Bros., appellants, are a copartnership composed of John Arbuckle, William A. Jamison, William V. R. Smith, and James N. Jarvis, who own and conduct a public grain elevator in the city of Dallas, and solicit the public to store grain with them, and who undertake to safe-keep, clean, and preserve same for certain charges. Everybody's Gin & Mill Company, appellee, is a private foreign corporation incorporated under the laws of the state of Oklahoma and domiciled in the town of Chickasha in said state, and engaged in buying and selling corn and other grain for profit. Appellee sued appellants in the Sixty-Eighth district court of Dallas county and alleged that in December and January 1908–09, it temporarily stored with appellants 46,164 bushels of No. 3 corn which was to be held, cared for, protected, and preserved by appellants in as good condition as it was when received and until redelivered to appellee for distribution to its customers at various points in the state of Texas. Appellee also alleged that it was the duty of appellants, and that they undertook and agreed whenever necessary, to dry and clean all corn deposited with them in order to maintain its grade and condition; and also to load and deliver said corn upon railway cars at their elevator in Dallas when directed so to do by appellee. It was claimed by appellee that after the delivery aforesaid, and in due course of its business, it requested appellants to redeliver the corn so stored that it might in turn deliver same to its customers, but that appellants failed to account for and deliver 4,935 bushels thereof at all, and that 25,904 bushels of the corn that they did have on hand for delivery was dirty, unsound, damaged, and unsaleable as a result of the negligence of appellants in improperly caring for the same while in storage. The appellee also alleged that, when it shipped its corn from Chickasha to Dallas for storage with appellants, it made arrangements with the railroad company for what is known as "storage in transit," or "storage and milling in transit," rates, which enabled it by reshipping the corn so stored within a period of six months to save large sums of money on freight advanced by it to the railway company, and which would be repaid to appellee if the corn was shipped out again within said six months; but, failing to do so, appellee would lose the right to collect back the freight it had advanced to the railway company, and that appellants had notice of such arrangement. Appellee also charged that, in addition to their failure to account for the 4,935 bushels of corn, appellants, as stated at another place, by neglect, so damaged 25,904 bushels thereof that it was unsaleable, for which reason it became necessary, and appellee was compelled to and did, at great loss, continue said corn on storage with appellants until it could be sold. Upon these items appellee recovered a portion of the claimed damages and concerning which there is no issue, and the items are referred to only that the disputed items may be understood. In addition to these items, however, appellee claimed that appellants collected from it $268.38 for storage on the damaged corn left with appellants, which accrued after the six months had elapsed and until a purchaser could be found therefor. These charges appellee sought to recover back on the ground that the negligence of appellants made it necessary to keep the corn in storage for the additional period of time. Appellee also claimed that because of the negligence of appellants in improperly caring for said corn, and the consequent necessity of leaving it in storage longer than the prescribed six months in which the railway company compelled it to reload and ship out, it lost the freight it otherwise would have collected

back, and which amounted to $1,811.97. Appellants answered by general demurrer and general denial; specially that appellee was a foreign corporation without permit to transact its business in the state; also, that it redelivered to appellee all corn received, and that any loss was due to the damp and dirty condition of the corn when received, the loss, if any, being in the process of cleaning, and that it properly cared for and protected the corn and redelivered same to appellee in a better condition than they received it. Appellee, in response to the answer of appellants, averred it was not necessary for it to have a permit to transact business in Texas, since the business transactions set out in its petition were interstate. As suggested, other items of damage were in issue in the case but are not involved in this review. The case was tried before a jury, and on the item of $268.38 for storage the jury awarded $179.20, which included interest. On the item of $1,811.97 lost in freight charges, the jury awarded $156.80, which included interest.

Appellants' first, second, and third assignments of error are as follows: "(1) The court erred in that part of its charge as follows: It was the duty of the defendants, Arbuckle Bros., to use ordinary care to keep and maintain all corn received by them from plaintiff in good condition if any was so received, and it was their duty to use ordinary care to so care for and handle any corn that they might have received in a damp, wet, or dirty condition, if any there was, and to put such corn in a good condition. If you find and believe from the testimony that defendants failed to use ordinary care to keep and to maintain the corn so received by them in a good condition, if any was so received, or if they received corn that was damp or wet or not clean and did not use ordinary care to dry, clean, and care for such corn, and if such failure, if any, in either or both of these respects, proximately caused any corn to deteriorate in quality and depreciate in value, then I instruct you that the defendants herein are liable to the plaintiff in damages for the amount of such depreciation in value of such corn, if any. (2) The court erred in that part of its charge to the jury which is as follows: If you find and believe from the testimony that any of the corn was damp, wet, or not clean when received by defendants, and if you believe that by the exercise of ordinary care by defendants said corn would not have been put, kept, or maintained in any better condition than it in fact was put in and kept and maintained in, or if you find and believe from the testimony that the defendants exercised ordinary care to put and maintain and to keep such corn in good condition, then defendants would not be liable in damages for any depreciation in the value of the corn, if any. If you believe from the testimony that the corn redelivered by the defendants to the plaintiff for shipment out

had not depreciated in quality while defendants had it in storage, or if defendants had used ordinary care in keeping and maintaining said corn, then as to this feature of the case you will find for the defendants. (3) The court erred in that part of its charge to the jury which is as follows: If under the foregoing instructions you find in favor of the plaintiff, then you will ascertain from the evidence when such corn would have been delivered by defendants to plaintiff, if it had not depreciated, if there was a depreciation; then you will ascertain the market value at Dallas, Tex., of such corn at such delivery date in the condition it would then have been in if it had been handled and kept with ordinary care; then you will ascertain from the testimony the market value at Dallas of the corn in its depreciated condition, if it was in such condition. The difference, if any, in such market value, with 6 per cent. interest per annum calculated thereon from such delivery date, will be the measure of the plaintiff's damages under this subdivision of this charge."

Under the three foregoing assignments of error, appellants assert the proposition that any foreign corporation that desires to transact business in this state shall be required to secure a permit for that purpose as provided by article 745, Revised Statutes, failing in which such corporation cannot maintain any suit or action, legal or equitable, in this state. It is also claimed as part of the proposition that the evidence disclosed that appellee had no such permit and was yet transacting business in the state, and that hence the court should have instructed a verdict for the appellants. Appellee objects to the consideration of the proposition submitted under the foregoing assignments for the reason that the assignments do not raise the question and because the proposition is not germane to the assignments.

[1] Appellants raised the question of the right of the appellee to transact its business in this state by special exception and by special plea. So far as the record shows, the special exception was not called to the attention of the trial court, nor any action taken by the trial court thereon, and hence there is nothing for us to consider in connection with said special exception. The record also fails to show that appellants requested the court to submit that issue to the jury on their special plea. Nor is any complaint on this point contained in the motion for new trial.

[2] We are asked, however, to consider the question under the quoted assignments, which, in our opinion, do not remotely raise the point. The statute provides that "the appellant * * * shall file with the clerk * * * assignments of error, distinctly specifying the grounds on which he relies," and "all errors not distinctly specified are waived," while the rules provide that the "error shall be distinctly set forth in the motion for a

new trial, and a ground of error *not* distinctly set forth in the motion for a new trial, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error." The *ground* of error set out in the assignments under discussion is that the court erred in defining what care appellants owed appellee in storing its corn, etc., and what in the same respect would constitute negligence. In People's Building & Loan Ass'n v. Dailey et al., 17 Tex. Civ. App. 38, 42 S. W. 364, the plaintiff, a foreign corporation, had pleaded in the court below that it had a permit to transact its business in Texas. It failed to prove it. On appeal its right to maintain the suit was attempted to be raised under an assignment of error asserting that the trial court should have instructed a verdict because of a total absence of evidence to sustain the verdict. The court was of opinion that to have the issue considered it was necessary to request it by special charge, which appellants failed to do.

[3] It cannot be said that the claimed error is apparent or fundamental, since the point attempted to be raised only goes to appellee's right to sue and does not deny the merits of its suit. "A judgment will not be reversed * * * for mere technical errors in the form and manner of enforcing a valid cause of action * * * or in the rulings of the court on questions arising during the progress of the trial, which relate to the enforcement and maintenance of the action or defense and which do not go to its essential foundation and merits." Railway Co. v. Brownsville, 45 Tex. 88. We are of opinion that the assignments do not raise the question asserted thereunder; nor do we think the proposition points out fundamental error, and hence we must decline to consider same. Errors upon which we are asked to disturb verdicts and judgments ought to be clearly and distinctly raised in the court below.

[4] By their fourth assignment of error, appellants complain of that portion of the court's charge which directed the jury to find for appellee any storage charges paid by it after the six months' period for reshipping the corn had elapsed, if the jury believed that the corn was injured by appellants' negligence in caring for same, and as a consequence the sale of same was delayed and continued storage became necessary; appellee's theory being that, had appellants used care in handling its corn, it would have been in good condition at the expiration of the period when it was compelled to move it under its arrangement with the railway company, but that appellants having failed to do so, and having by their negligent acts injured the corn, the storage charged and collected after that time by appellants was recoverable as damages in addition to the difference in market value. Appellants, on the contrary, say that appellee's recovery is limited to the difference in the value of the corn when redelivered to it in its deteriorated condition and what its value would have been had it been redelivered to appellee in the same condition appellants received it; and that, when the court permitted appellee to also recover the storage, the jury was authorized to, and in substance did, find double damages. In our opinion the ordinary measure of damages in this case is the difference between the value of the corn before the damage was done at the time agreed on for redelivery and its value after the injury to it. This we believe to be the general rule, because such rule in most cases will afford compensation; but we think it was both just and proper to vary it in the instant case. The testimony of appellee tended to prove, and the jury found, that it was the negligence of appellants that injured the corn, which injury brought about the necessity of holding the corn past the agreed period in order to find some one who would buy it in its deteriorated condition. Some of the witnesses testified that the corn could only be sold at all by disposing of the same in small quantities for whatever prospective purchasers would offer for it. It is conceivable that holding the corn and selling the same as opportunity offered may have lessened the damages for which appellants were answerable, for to have sold the corn in bulk when the time for redelivery arrived might and probably would have resulted in securing a less amount in money for same. In order to do this it was necessary, as stated, to continue the corn in storage, and until appellee received all charges for storage thus paid out, as well as the difference in the market value of his corn before and after the injury thereto, he was not compensated for the loss he suffered. In consonance with these views, our Supreme Court has decided, in a suit for negligently injuring cotton by fire, that the measure of damages is the difference in the value of the cotton before and after it was injured, as well as the expenses incurred by the owner of the cotton in separating the good and bad and repacking it so as to obtain the best price for same. Railway Co. v. Levi & Bro., 59 Tex. 679; Star Mill & Elevator Co. v. Sale, 145 S. W. 1037; Winne v. Railway Co., 31 Iowa, 587. We conclude that appellee was entitled to recover back the storage charges withheld by appellants under the rule announced in the foregoing cases.

[5] By their fifth assignment of error the appellants assert that the court erred in that portion of its charge wherein it permitted appellee to recover certain freight charges it had advanced to the railway company and which would have been repaid to appellee, had it moved the corn from appellants' elevator within the agreed six months. The court, in effect, told the jury that if they believed, as the result of appellants' negligence which injured the corn, appellee by the exercise of ordinary care was unable to sell

and dispose of the corn to their customers within the period entitling it to a refund of the said freight charges, and but for the negligence of appellants would have done so, and that appellants knew of appellee's purpose and intention in that behalf, to find for appellee such refund of freights lost by it. This item of damages we hold to be analogous with the item of storage, and what we have said in reference thereto in our opinion is applicable to the question of freight, and, accordingly, we hold that appellee was entitled to recover in that respect also. We do not agree with appellants that because the market price of the corn at Dallas may have included the freight from Chickasha to Dallas furnishes any reason why the court's charge was erroneous. It was not the freight rate from Chickasha to Dallas that appellee lost, but the loss of certain refunds or reductions in the rate brought about by the negligence of the appellants.

Finding no reversible error in the record, the judgment of the trial court is affirmed.