## MISSOURI, K. & T. RY. CO. OF TEXAS et al. v. GRAY.

(Court of Civil Appeals of Texas. Dallas. Oct. 18, 1913. Rehearing Denied Nov. 15, 1913.)

1. CARRIERS (§ 131*) — LOSS OR INJURY TO GOODS—PLEADING.

In an action against carrier for injury to a shipment of fruit and vegetables, allegations of delivery of the car to the receiver of a defendant road in good condition and that in transportation it handled it "in a rough, careless, and negligent manner, whereby the stays, supports, and fastenings which held the boxes, etc., were thrown down, whereby the contents were mashed and bruised," resulting in great damage, sufficiently showed how and in what respect that road was liable for the damages.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 569–577, 593; Dec. Dig. § 131.*]

2. RECEIVERS (§ 183*)—SUITS AGAINST—DISCHARGE OF RECEIVER—PLEADING.

Under Acts 31st Leg. (4th Called Sess.) c. 4, providing that a purchaser of the property and franchise of a railroad shall take it subject to all subsisting claims, etc., a petition, averring that after an injury to a shipment of goods and before the filing of a suit the negligent carrier then in receivership had passed into the hands of defendant corporation, sufficiently showed defendant's liability.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 361–366; Dec. Dig. § 183.*]

3. CARRIERS (§ 135*)—LOSS OF GOODS—MEASURE OF DAMAGES—EXPENSES INCURRED.

In an action against a carrier for damages to a car of fruit and vegetables, expenses incurred by the shipper in preserving and caring for them pending final sale thereof were recoverable.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 557–559, 599–602, 603; Dec. Dig. § 135.*]

4. DAMAGES (§ 69*)—MEASURE—INTEREST.

Where the petition in an action against a carrier for damage to goods expressly seeks interest, it is recoverable from the date of the damage to the time of the trial.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 137–140; Dec. Dig. § 69.*]

5. EVIDENCE (§ 491*)—OPINION EVIDENCE—CARRIAGE OF GOODS—TIME.

It is improper for one not qualified as an expert to testify as to what was a reasonable time for a shipment of fruit and vegetables to arrive at its destination.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2269; Dec. Dig. § 491.*]

Appeal from Collin County Court; H. L. Davis, Judge.

---

Action by R. E. Gray against the Missouri, Kansas & Texas Railway Company of Texas and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Garnett & Hughston, of McKinney, for appellants. Doyle & Brown, of McKinney, for appellee.

RASBURY, J. Appellee sued appellants in the county court of Collin county to recover damages to a car of fruit and vegetables shipped over the lines of appellants from Lindale to McKinney, due to delay and rough handling, and recovered judgment against both appellants. The verdict of the jury is supported by the evidence.

[1] It is urged on appeal that the court erred in overruling the special exception of appellants which asserted that the allegations of appellee's petition were insufficient in not averring "how and in what respects the International & Great Northern Railroad Company is liable for the damages complained of." The petition alleges a delivery of the car to the receiver of the International & Great Northern Railway Company in good condition and that in transporting same the said International & Great Northern Railway Company "handled same in a very rough, careless, and negligent manner, whereby the stays, supports, and fastenings which held the boxes, packages, and crates of fruit were thrown down and piled on top of one another," whereby the contents thereof "were mashed, bruised, squeezed, and torn up and skinned and rotted," resulting in great loss and damage thereto. These allegations, it occurs to us, are sufficient and cannot, in fairness, be said to be either vague, indefinite, uncertain, or mere conclusions of fact or law, as urged by appellants, and conclude the court did not err in overruling the exception.

[2] It is further urged under this exception that the petition disclosed no liability against the International & Great Northern Railroad Company, because it appeared that at the time of the delivery of the car for shipment it was delivered to T. J. Freeman, then receiver of the International & Great Northern Railway Company. It also appeared by the petition, in substance, that after the injury to the shipment and before the filing of this suit the International & Great Northern Railway Company, of which Freeman was receiver, had passed into the hands of another incorporation known as the International & Great Northern Railroad Company, which, in law, makes it liable for the debt sued upon. It occurs to us that the pleading is sufficient to show liability on the part of the International & Great Northern Railroad Company. The liability claimed comes within the terms of the amendments passed by the Thirty-First Legislature at its Fourth Called Session. General and Special Laws, 31 Leg. 120; Freeman v. McElroy, 149 S. W. 432.

[3, 4] It is urged that the court erred in its charge in reference to the measure of damages, the exact point being that, in addition to the right to recover the difference in the market value of the shipment at the time it did arrive and its market value at the time it should have arrived, it also permitted a recovery for expenses incurred in preserving and caring for the same pending final sale thereof, and also in allowing a recovery for interest from the date of the damage to the time of the trial. Such expenses are recoverable. Railway Co. v. Levi & Bro., 59 Tex. 679; Star Mill & Elevator Co. v. Sale, 145 S. W. 1037; Arbuckle Bros. v. Everybody's Gin & Mill Co., 148 S. W. 1136. Interest is likewise recoverable when the petition expressly seeks it, as was done in this case. Watkins v. Junker, 90 Tex. 584, 40 S. W. 11.

[5] Appellants also complain that the court erred in permitting appellee to testify, in effect, as to what was a reasonable time for the shipment to arrive at its destination. It is improper for one, not qualified as an expert, to testify in the manner stated. The record in this case, however, does not sustain the claim. The substance of the testimony complained of is that appellee, upon inquiry, was told by the agent of the receiver of the International & Great Northern Railway Company at Lindale that a car leaving Lindale on Wednesday would reach McKinney on Thursday. Obviously, this testimony in no sense attempts to fix what would have been in the opinion of a nonexpert a reasonable time for the transportation of the shipment.

The other assignments of error have been carefully examined, but in our opinion they present no error.

The judgment of the court below is affirmed.