WILLSON, C. J.
(after stating the facts as above). The contention made by appellant that the finding of the jury that there was a difference of $425 in the market value of the horses “at the time and condition in which they arrived at their destination and and what their reasonable market value would have been had they arrived without injury or delay” seems to be based on testimony of appellee that he expected one Stephens, of Oklahoma, to meet him in Grand Saline and buy the horses when they reached that place and that he would not have been able to sell them there had Stephens not ■bought them, because they had no market value there. The contention ignores the testimony of the witness Nance that the horses had a market value in Grand Saline, and that they were worth $700 or $800 less on that market than they would have been worth but for the injury to them, and the testimony of the witnesses Lindsey and Slaton to practically the same effect.
[1-3] The contention made that the finding of the jury that “the reasonable and necessary expense for extra feed and pasture paid by plaintiff caused by the injury to the horses” was $150 was not warranted by the testimony before them will be sustained. As we view the record there was no testimony showing what the cost to appellee of feeding the horses would have been had they not been injured, and therefore there was no basis for the finding that the extra cost of feeding them, due to the injury they suffered, was the sum found by the jury. The testimony of appellee that he would not have been at any expense for feed for them because he would have sold them to one Stephens had they been uninjured when they reached Grand Saline plainly was his opinion merely, and therefore without, probative force. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533. There was no other evidence that Stephens would have purchased the horses on their arrival at Grand Saline had they been uninjured. It did not even appear that Stephens was in Grand Saline at the time or after the time the horses reached that place. On the contrary, the testimony indicated that he was not then in Grand Saline, and that appellee expected, after the horses reached that place, to go to Emory, where he supposed Stephens was, and take him to Grand Saline to look at the horses. We think the judgment, in so far as it was for the $150 extra expense incurred in feeding the horses, was wrong for another reason also. The amount was included in the sum representing the difference found by the jury in the market value of the horses in Grand Saline had they arrived there uninjured and their market value there injured as they were, and the recovery awarded appellee of both that difference and the $150 paid by him for feed was a double recovery to the extent of said $150. Railway Go. v. Foster, 89 S. W. 450; Railway Go. v. Tuekett, 25 S. W; 150.
The judgment will be so reformed as to adjudge a recovery in appellee’s favor against appellants of $425 (instead of $575), and interest thereon from October 9, 1917, and as so reformed will be affirmed.

@=»For other eases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

<!fc»For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes