**PANHANDLE & S. F. R. CO. v. SHELL et al.
(No. 2262.)**

(Court of Civil Appeals of Texas. Amarillo. Oct. 29, 1924.)

**1. Pleading ⚖⇒228 — Exception to part of amended petition held not special.**

Exception to part of petition for damages to shipment of grain, as setting up special damages not recoverable under pleadings, *held* not special exception, in that it did not go to manner and form of allegations nor particularize defect under proposition that reasonableness and necessity of plaintiff's alleged expenditures and items of damage were not alleged, but only general demurrer to such paragraph, under district court rule No. 18.

**2. Carriers ⚖⇒131—Reasonableness and necessity of shipper's expenditures to diminish damages held sufficiently alleged.**

Allegation of petition for damages to shipment of grain that, after rejection thereof by buyer, plaintiffs made diligent, but unsuccessful, efforts to sell to others at destination, and were compelled to reship to elevator company elsewhere to have grain put in salable condition and diminish resulting damages, *held* tantamount to allegation that expenditures for such purposes were reasonable and necessary.

**3. Carriers ⚖⇒135 — Measure of damages to grain shipment damaged in transit stated.**

At common law, measure of damages to shipment of grain rejected by buyer, because of damage in transit, and prepared for market at destination by shipper, is difference between market value in condition in which it should have arrived at destination, and its market value after preparation for market, with reasonable and necessary expenses of caring for and preparing it.

**4. Carriers ⚖⇒135 — Freight not recoverable as part of damages to shipment in transit.**

Shippers of grain damaged in transit cannot recover freight paid, and such charges, if not paid in advance, must be deducted from damages awarded.

**5. Carriers ⚖⇒135—Market value at destination governs in estimating damages to grain in transit.**

Market value, if any, at destination, of grain damaged in transit, not its intrinsic or special value, governs in estimating damages.

---

⚖⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**6. Damages ⬳62(I)—Party injured must protect himself from consequences if reasonably possible.**

Generally, one injured because of another's wrongful act must protect himself from injurious consequences, if he can, by ordinary effort and care, at moderate expense.

**7. Carriers ⬳135—Reasonable and necessary expenses of reshipping damaged grain to be cleaned and prepared for market recoverable.**

Shippers' expenses in reshipping damaged grain to nearest point at which it could be cleaned and prepared for market, including freight charges and traveling expenses of caretaker, if reasonable in amount and necessary, are recoverable, not as special, but as consequential, damages.

**8. Carriers ⬳136—Necessity and reasonableness of shippers' expenses in reshipping damaged grain to be cleaned and prepared for market held for jury.**

Whether shippers' expenses, in reshipping damaged grain from point of destination to another city to be cleaned and prepared for market, were necessary and reasonable, *held* for jury.

Appeal from Crosby County Court, Jake Mabe, Judge.

Action by F. J. Shell and another against the Panhandle & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, of Galveston, Madden, Trulove & Pipkin, of Amarillo, and Wilson & Douglas, of Lubbock, for appellant. L. A. Wicks, of Ralls, for appellees.

HALL, C. J. F. J. and F. C. Shell sued the appellant company to recover damages to a shipment of a car of threshed maize. They allege that they shipped said maize from Ralls, Tex., to Santa Anna, Tex., November 6, 1920, and that the grain was in a damaged condition on arrival at Santa Anna; that said shipment was consigned to themselves at Santa Anna, Tex., but was to have been delivered to S. H. Collier. That at the time the grain was loaded and delivered to appellant, it was thoroughly dry, bright No. 2 maize, in good shipping condition; that when it arrived at said destination, approximately one-half of it was wet, heated, and partially rotten, on account of which it was rejected by Collier. That thereafter plaintiffs made a diligent effort to resell the grain to other parties at destination but were unable to do so, but were compelled to reship the car to Fort Worth Elevator Company, at Fort Worth, for the purpose of having it cooled, cleaned, and dried in order to put it in a salable condition and to diminish and reduce the resultant damage thereto. They allege that they afterwards sold it to the Collins Grain Company at Fort Worth, Tex.; that had the grain arrived at its destination in proper condition, it would have been

worth upon the market the sum of $1,213.94, and that the reasonable value of the grain in the condition in which it arrived was nothing, except that it had been cooled, cleaned, and dried. That the plaintiffs paid $341.71 freight for the transportation of the car, to Santa Anna and to Fort Worth; that the expenses of cooling the grain at Fort Worth, including insurance, and storage, and selling it was $94.59; that plaintiff F C. Shell incurred an expense of $50 in going to Santa Anna for the purpose of taking care of the car; that the grain sold for $820.43, and the plaintiff sued for the difference in the value of the grain in its condition when loaded and when delivered at destination, and for said expense items including freight, or a total amount of $879.81, with interest.

The appellant company answered by general and special demurrers and general denial, and specially allege that the grain was damaged on account of the fact that it was green and damp when loaded into the car, and that plaintiffs were guilty of negligence in so loading the grain in such condition. The issues were submitted to the jury, who found that the maize was dry at the time it was delivered to the appellant for shipment; (2) that it was damaged when it reached Santa Anna; (3) that such damage was not the result of any inherent defect of the grain itself; (4) that there was a leak in the roof of the car in which the grain was loaded; (5) that the value of the grain upon its arrival at Santa Anna in its damaged condition was $933.80; (6) that the plaintiffs were not guilty of contributory negligence because of the condition in which the grain was shipped. Judgment was rendered for plaintiffs for $659.80, and interest.

[1] The first proposition urged is that the court erred in overruling the appellant's exception to that part of the amended petition "which alleges that 'the freight paid by plaintiffs for transportation of said car of grain to Santa Anna, Tex., and thence to Fort Worth, Tex., was the sum of $341.71; that the expenses of cleaning said grain at Fort Worth, Tex., including insurance and storage, and of selling said grain thereafter, including the broker's commission for said sale, amounted to $94.59, and that the expenses of plaintiff F. C. Shell to Santa Anna, Tex., for the purpose of taking care of said grain and reducing and minimizing the damage thereto was the sum of $50,' because the same does not allege or set up damages recoverable in this case, but sets up special damages which are not recoverable under the pleadings in this case." This is not a special exception, since it does not go to the manner and form of the plaintiffs' allegations. It does not particularize the defect urged under the proposition, i. e., that it is not alleged that such expenditures and items of damage were reasonable and necessary;

it is therefore only a general demurrer to that paragraph of the pleading. District court rule No. 18; Weatherford M. W. & N. W. Railway v. Granger, 85 Tex. 574, 22 S. W. 959; Gulf, W. T. & P. Railway v. Montier, 61 Tex. 122; P. & S. F. Railway v Norton (Tex. Civ. App.) 188 S. W. 1011; Wheeler v. Tyler S. E. Railway, 91 Tex. 356, 43 S. W. 876.

[2] It is true that the particular part of the pleading pointed out in the exception, does not allege that the expenditures were reasonable and necessary, but the petition elsewhere alleges that:

"After the rejection of the said grain, the plaintiffs made diligent effort to resell the grain to other parties at its destination, but were unable to do so, and were compelled to reship the car to the Fort Worth Elevator Company, at Fort Worth, for the purpose of having it cooled, cleaned, and dried in order to put it in a salable condition, and to diminish and reduce the resulting damages thereto."

It has been held that this is tantamount to an allegation that such expenditures were reasonable and necessary. Texas Electric Railway v. Jones (Tex. Civ. App.) 231 S. W. 824.

[3] It appears from the record that the proper measure of damages has not been awarded by the court, and that the judgment denied the appellant the right to collect freight. Plaintiffs' action is not based upon a shipping contract, but they seek to recover upon the common-law liability of the carrier. The proper measure of their damages in a case of this character is stated in St. Louis & Southwestern Railway v. Foster (Tex. Civ. App.) 89 S. W. 452; and in Lancaster v. Whittle (Tex. Civ. App.) 210 S. W. 334, the measure of damages as there stated is the difference between the market value of the maize in the condition in which it should have arrived at destination, and its market value at Santa Anna after it had been cleaned, cooled, and prepared for market, with the items of reasonable and necessary expenses incurred in caring for and preparing it for market added. If plaintiffs had not taken charge of the shipment at Santa Anna and incurred the expenses incident to preparing it for market, they could have recovered only the general measure of damages, which is the difference between its market value at destination in the condition in which it arrived, and the condition in which it should have arrived but for the appellant's negligence.

[4, 5] In so far as the exception considered as a general demurrer goes to the measure of the items of damages as alleged (aside from the issue of the necessity and reasonableness of the incidental damages claimed) is concerned, it should have been sustained to the item of freight charges from Ralls to Santa Anna. Plaintiffs are not permitted to recover such charges. The rule is, if the freight was paid to Santa Anna it could not be recovered, and if not paid in advance, then such charges must be deducted from the amount of damages awarded. G., H. & S. A. Railway v. Ball, 80 Tex. 602, 16 S. W. 441; Railway Co. v. Fagan, 72 Tex. 127, 9 S. W. 749, 2 L. R. A. 75, 13 Am. St. Rep. 776. Plaintiffs nowhere allege that the maize had a market value at Santa Anna; if there was a market value for it at that point, then such market value, and not its intrinsic or special value, must govern in estimating the damages to be recovered. G. C. & S. F. Railway v. Stewart (Tex. Civ. App.) 141 S. W. 1020; I. & G. N. Railway v. Nicholson, 61 Tex. 550.

[6-8] It is generally the duty of one who has suffered injury by reason of the wrongful act of another, to protect himself from the injurious consequences if he can do so by ordinary effort and care and at a moderate expense. Cooper v. City of Dallas, 83 Tex. 239, 18 S. W. 565, 29 Am. St. Rep. 645. Necessary and reasonable expenses in an effort to prevent further injury are recoverable. Expenses incurred in reshipping the maize to Fort Worth in order to have it cleaned and prepared for market, the freight charges from Santa Anna to Fort Worth, provided that it was the nearest point at which it could be properly cleaned, together with the traveling expenses of F. C. Shell to look after and care for the shipment, do not constitute special damages. If such items are reasonable in amount and were necessary, they are consequential damages, although they may in a sense be incidental. Whether they were necessary and reasonable is an issue of fact for the jury. 10 C. J. pp. 400, 401; Davis v. Clement Grain Co. (Tex. Civ. App.) 251 S. W. 545; T. & P. Ry. Co. v. Levi Brothers, 59 Tex. 674; Star Mill & Elevator Co. v. Sale (Tex. Civ. App.) 145 S. W. 1037; Arbuckle Brothers v. Everybody's G. & M. Co. (Tex. Civ. App.) 148 S. W. 1136; M. K. & T. Railway v. Gray (Tex. Civ. App.) 160 S. W. 434; G. C. & F. S. Ry. Co. v. Looney, 51 Tex. Civ. App. 381, 115 S. W. 268; Steel Bi-Products Co. v. Vernon C. O. Co. (Tex. Civ. App.) 257 S. W. 613; Nunn v. Brillhart (Tex. Civ. App.) 230 S. W. 862; Id. (Tex. Sup.) 242 S. W. 459; Texarkana & Ft. S. Railway Co. v. Shivel & Stewart (Tex. Civ. App.) 114 S. W. 196.

For the errors pointed out the judgment is reversed and the cause is remanded.