AMERICAN SURETY COMPANY OF NEW YORK v. ANNIE E. LYONS.

Decided November 5, 1906.

1.—Building Contract—Measure of Damage.

In a suit upon a building contract plaintiff alleged, in substance, that the contractor failed to construct the building according to the plans and specifications; that he abandoned the contract before completion of the building, and that the work done by him was not in accordance with said plans and specifications. The evidence showed that almost the entire damage claimed by plaintiff resulted from inferior work and material put into the building. Held, the proper measure of damage was the difference between the contract price and the cost of completing the building according to the plans and specifications, and not the difference between the value of the house as constructed and its value if it had been constructed according to the contract.

2.—Defective Brief.

When assignments of error and the propositions thereunder are not followed by a sufficient statement from the record, the assignments will not be considered.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*E. P. Gailey*, for appellant.—The court erred in its charge as to the measure of damage. Thompson v. Chaffee, 13 Texas Ct. Rep., 794; Fagan v. Whitcomb, 14 S. W. Rep., 1018 (4 Texas App. Civ., 48); Anderson Elec. Co. v. Cleburne Water Ice Co., 23 Texas Civ. App., 339; City of Sherman v. Conner et al., 88 Texas, 41; 13 Cyclopoedia of Law and Procedure, 158.

*F. F.* and *E. T. Chew*, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellee against T. M. Cowan as principal and the appellant as surety, on a contract for the construction of a dwelling house upon property owned by appellee in the city of Houston. The petition alleges in substance that the contractor Cowan had failed to construct the building according to the plans and specifications contained in the contract; that he had abandoned his contract before the completion of the building, and that the portion of the work done by him on said building was not done in accordance

with the plans and specifications. The damages claimed by reason of the alleged default of Cowan are alleged to be $1,000, for which amount judgment is asked against Cowan and against appellant surety company on a bond executed by it in appellee's favor to secure the faithful performance by Cowan of his said contract.

The defendant Cowan answered by general and special exceptions and denied generally and specially the allegations of plaintiff's petition. He also by plea in reconvention claimed damages against plaintiff.

The answer of the defendant surety company adopts the answer of its codefendant and contains further special pleas claiming its release from the obligations of its bond by reason of material changes in the contract made by plaintiff and defendant Cowan without its consent and after the execution of said bond, and because of the failure ·of plaintiff to comply with the terms of the contract which required her to retain 15 per-cent of the value of the work done by Cowan until the final completion of the building according to the plans and specifications.

A trial by jury in the court below resulted in a verdict and judgment in favor of plaintiff against both defendants for the sum of $922 with judgment in favor of appellant over against Cowan in like amount. From this judgment the surety company alone has appealed.

The first and second assignments of error assail the charge of the court on the ground that it submitted to the jury a wrong measure of damage. The charge complained of is as follows:

"If you believe from a preponderance of the evidence that the defendant Cowan did not carry out his contract according to the plans and specifications, and believe that when he quit the job, if he did quit it, that the house was not completed according to the plans and specifications, you will determine from the evidence what the cost of completing the house according to the plans and specifications will be in excess of $3,100 and will return your verdict for the plaintiff against Cowan and the surety company for that amount with interest from January 1, 1905, till this date."

Appellant contends that under the pleading and evidence in this case, which show that almost the entire damage claimed by plaintiff was because the work and material put in the building by Cowan was inferior to that called for in the contract, the measure of plaintiff's damage is the difference between the value of the house as constructed by Cowan and its value if it had been constructed according to the contract.

We can not agree with appellant in this contention. To adopt the measure of damages contended for would be to force appellee to forego the benefit of her bargain and accept and pay for a building different from that contracted for. She had the right to demand that the building be completed according to the contract, and if the contractor refused to remedy the defects in the building as constructed by him she was entitled to recover as damages the amount it would cost her over and above the contract price to have the defects remedied and the building completed in accordance with the contract. We think the charge of the court submitted the correct measure of damages and the assignments should be overruled. (City of Sherman v. Connor & Oliver, 88 Texas, 42.)

None of the remaining assignments are presented in a manner to require our consideration, in that the propositions thereunder are not fol-

lowed by a sufficient statement from the record explaining and supporting them. All of these assignments complain of the refusal of the court to give special charges requested by the appellant. The requested charges are not set out in the assignments nor in the statement following the propositions, and there is no reference to the page of the record where they can be found. The statement is further insufficient in that it does not appear therefrom that any charges were requested by the defendant and refused by the court. (Rule 31, 94 Texas, 660; Texas & N. O. Ry. Co. v. Lee, 7 Texas Ct. Rep., 40.)

No error is shown by the appellant's brief, and there being none apparent of record the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.