ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. KIRBY.

(Court of Civil Appeals of Texas. Dallas. April 20, 1912. Rehearing Denied May 11, 1912.)

1. TRIAL (§ 296*)—INSTRUCTIONS—CONSTRUCTION.

The error in an instruction in an action by one for suffering and sickness sustained by himself and wife and minor children in consequence of the negligence of defendant that, if defendant was negligent and plaintiff and wife and minor children sustained the injuries complained of as the direct proximate result of defendant's negligence, the verdict must be for plaintiff, was cured by a special instruction that plaintiff could not recover for damages growing out of mental anguish or suffering by plaintiff and his wife on account of the sickness of the children, and the two instructions were not objectionable as conflicting.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. § 296.*]

2. DAMAGES (§ 43*) — PERSONAL INJURIES — MEDICAL ATTENTION.

The jury in an action for personal injuries may not allow anything for medical attention, unless there is proof of the necessity and reasonableness of such expenses.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 242–254; Dec. Dig. § 43.*]

Appeal from District Court, Dallas County; J. C. Roberts, Judge.

Action by Ben Kirby against the St. Louis Southwestern Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Conditionally reformed and affirmed.

Gilbert & Upthegrove, of Dallas, for appellant. Crawford, Muse & Allen and T. F. Lewis, all of Dallas, for appellee.

RAINEY, C. J. This suit was brought by appellee against appellant to recover damages for the suffering, discomfort, and sickness, etc., caused to him, his wife and six children, as stated in his petition, which alleges: "That on the 5th of January, 1910, he, with his family, consisting of his wife and six children, were passengers on defendant's train. That at Addison, a station some 13 miles from Dallas, they were required to move from the car in which they were riding into another coach, which they did. That the coach into which they moved was left standing upon the track at said station for a long time. That it was cold, wet, snowy weather, and the coach from which the plaintiff and his family were removed was warm and comfortable, and the one into which they were removed was cold and without fire. That they were kept at said place without protection, and afterwards removed to Dallas in said car in its cold condition. That, by reason of the negligence of the defendant, plaintiff's entire family was made sick, including himself. That three of his children were taken with severe spells of pneumonia, so that their lives were put in danger, they all being minors, aged, respectively, eleven eight, and five years. That plaintiff was put to great financial cost and expense for medicine and doctor's fees, and great and extra care and trouble upon the part of himself and his wife in nursing the children, and both plaintiff and his said wife suffered great mental anguish and anxiety for the welfare of their said children, and because the health of said children has become greatly impaired from said sickness plaintiff and his wife still suffer great mental anguish and anxiety for their welfare, and have been deprived of the services of their said children." In a trial amendment, among other things, he alleged as follows: "That three of his children as the direct cause of said negligence were taken with severe spells of pneumonia, so that their lives were put in grave danger, said children being minors, aged, respectively, eleven, eight, and five years; that by reason thereof plaintiff was put to great cost and expense for medicine and doctors' bills, to wit, the sum of $100, and was put to great and extra care and trouble upon the part of himself and wife, who is the mother of said children, for the care and nursing of said children; that plaintiff and his said wife have suffered great mental anguish and anxiety; that the health of said children has become greatly impaired from said sickness, and plaintiff has been deprived of the value of the services of said minors, and will for a long time be deprived of their services, all to his damage in the sum of $5,000." Appellant answered by general demurrer, general denial, and pleaded contributory negligence, in effect, that, if any sickness resulted, it was from exposure other than traveling as a passenger on appellant's train. A trial before a jury resulted in a verdict and judgment in favor of appellee for $325, from which this appeal is taken. We conclude that the evidence supports the allegations of plaintiff's petition, except as to the reasonableness of medical bills.

[1] The error first presented is: "The

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

court erred in giving paragraph 4 of his general charge, which is as follows: 'If you find and believe from the evidence that the defendant was guilty of negligence, as that term has been hereinbefore defined in reference to said railway company, and you further find that plaintiff and his family sustained the injuries complained of, and you further find that such injuries, if any, were the direct and proximate result of such negligence, if any, of the defendant, then you will find for plaintiff, unless you find for defendant under some succeeding paragraph of this charge'—because the injuries complained of by the plaintiff included the suffering of himself and wife on account of the sickness of their children, for which they were not entitled to recover, and the charge is in conflict with special charges Nos. 4 and 5, given at the request of defendant." One contention is that the language of the charge that plaintiff and his family sustained the injuries complained of "authorized a recovery for the mental anguish and anxiety of the parents for the welfare of their children on account of the sickness thereof, when such are not proper elements of damages in a suit by the parents." The court, at the instance of appellant, instructed the jury to the effect that, if they found for plaintiff under the court's general charge, plaintiff could not recover for damages growing out of mental anguish or suffering by the parents on account of the sickness of their child or children. This special instruction evidently eliminated from the minds of the jury any impression created by the general charge that damages for mental anguish on the part of the parents on account of the children's sickness was recoverable in this suit. The further contention in this connection that said charges were conflicting and constitute error we think untenable, as the special charge corrected such error as may have been embraced in the general charge on the elements of damage. We think it clear from the size of the verdict that the jury did not allow anything for the mental suffering of the parents on account of the sickness of their children.

[2] The court charged the jury to find for plaintiff for the reasonable value of medical attention, if any, made necessary resulting directly and proximately from the negligence, if any, of defendant, not exceeding $100. This is made the basis for the fourth and fifth assignments of error. There was neither allegation nor proof that the sums expended for medical attention were necessary and reasonable. This was error. It has been frequently held by our appellate courts that, in the absence of proof of the necessity and reasonableness of such expenses, they were not recoverable. Railway Co. v. Highnote, 74 S. W. 920; City of Dallas v. Moore, 32 Tex. Civ. App. 230, 74 S. W. 95.

This error requires a reversal of the case, unless appellee will remit the sum of $100, the amount claimed for medical attention, within 15 days from this date. If a remittitur is entered, the judgment will be reformed and affirmed.