### NUNN v. BRILLHART. (No. 1794.)

(Court of Civil Appeals of Texas. Amarillo. April 6, 1921. Rehearing Denied May 18, 1921.)

1. **Sales ☞426—On breach of warranty of heating system, contractors could remove plant and repay consideration.**

Under a clause in a guaranty of a heating system that, if the plant failed to comply with the warranty, "contractor shall remove all portions and parts of system without cost to owner and repay to owner all money paid" thereon, on breach of the warranty it became the duty of the contractors, if they desired to avail themselves of the clause, to take out the plant and repay the owner what they had received, and, failing to do so, they became liable for breach of the warranty, just as if the contract did not contain the clause.

2. **Sales ☞442(6, 7)—Where heating system not according to warranty, owner entitled to cost of remedying defects to make it fulfill the warranty.**

Where heating system did not comply with warranty thereof, owner *held* entitled to recover the reasonable cost of remedying the defects, so as to make the system fulfill the contract; there being no evidence that the plant could not be used to advantage by so adding to it and correcting its defects.

3. **Evidence ☞474(16)—Owner held not qualified to give opinion as to reasonable cost of remedying defects in heating plant.**

In action by owner on warranty of heating system, to recover the cost of correcting the defects in the plant to make it answer the warranty, where he had testified that he was not himself qualified to say what was necessary to be done to remedy the defects, but was qualified to testify as to the reasonable cost of the work that was actually done, his testimony that it was necessary to expend a named sum for that purpose was inadmissible, as it was shown that he was not qualified to give his opinion on what was necessary to make the heating plant do the work.

4. **Damages ☞42 — Expenditures must be shown reasonable and necessary to be recoverable.**

When expenditures are made necessary by the wrong of another, the party making expenditures, before he can recover the amount paid, must show that there was a necessity for incurring the expense and that the amounts paid were reasonable.

5. **Pleading ☞228—Allegations as to cost of remedying defective heating system held not sufficiently specific as against special exceptions.**

In action by owner on warranty of heating system, to recover the cost of correcting the defects in the plant to make it answer the warranty, where plaintiff, in general terms, alleged that the reasonable cost of work and material necessary in reconstructing the heating system, so as to remedy the defect, was a certain sum, such allegations were not sufficient on special exceptions.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Action by Jacob H. Brillhart against Simpson & Co. and W. G. Nunn. From judgment for plaintiff, defendant Nunn appeals. Reversed and remanded.

McCutcheon & Church, of Dallas, for appellant.

Holloway & Holloway, of Dallas, for appellee.

BOYCE, J. Jacob H. Brillhart, as owner of a building in Dallas, Tex., made a contract with Simpson & Co., by which Simpson & Co. agreed, for the consideration of $840, to install a hot-water heating system in Brillhart's building. The contract contained this provision:

"Contractor guarantees said system to raise temperature to 70° Fahrenheit, in each room of first and second floors of said building, in zero weather, and to supply two gallons of water per minute for periods necessary in household use for a period of one year. Failing to do this, contractor shall remove all portions and parts of system without cost to owner and repay to owner all money paid on account of this contract."

The contractors gave a bond, on which appellant, W. G. Nunn, was surety, which was conditioned that Simpson & Co. should "well and truly perform and fulfill all the obligations imposed upon them" by said contract. The heating system was installed in the summer of 1916, and Brillhart paid Simpson & Co. in full for the work. During the following winter the heating system did not fulfill the terms of the said guaranty, either as to the heating of the rooms or the delivery of the hot water for domestic use. Simpson & Co. were notified of such fact and repeatedly requested to remedy the defects, and finally requested to remove the system from the building, as provided by the contract. This they failed to do. Brillhart thereafter had the system reconstructed, and in doing so used portions of the original plant. He alleged that the reasonable value of the work and material used in thus fixing up the heating system so as to conform to the contract, was the sum of $690, and brought this suit against Simpson & Co. and the surety, W. G. Nunn, for the recovery of such amount. On trial the plaintiff recovered judgment for said sum of $690 against Simpson Co., and the surety, Nunn, and the said Nunn has appealed from said judgment.

[1, 2] A considerable part of the briefs of the parties is devoted to the discussion, pro and con, of a proposition made by appellant, to the effect that the provision in the warranty for the removal of the heating system by the contractor was a limitation of liability under the warranty. We think this unimportant, since Simpson & Co. refused to re-

move the system under this provision of the contract. Upon breach of the warranty it became the duty of the contractors, if they saw fit to avail themselves of this method of satisfying the breach of the warranty, to take the plant out and pay the plaintiff what they had received on the contract. Failing to do this, they became liable for breach of the warranty just as if the contract did not contain this clause. Warder v. Robertson, 75 Iowa, 585, 39 N. W. 905; 24 R. C. L. p. 253, § 531, note 9; notes to 50 L. R. A. (N. S.) 773, 778; notes to 32 L. R. A. (N. S.) 214.

What, then, is the measure of plaintiff's damage? The appellant insists that it is the difference between the value of the heating plant as installed and its value had it been installed so as to meet the conditions of the contract. This is the rule to be applied in many cases, but it is not the invariable rule. In many cases of contracts for building, repairs or installation of machinery, etc., where the work of the contractor does not come up to the specifications of the contract, the damage allowed is such an amount as will cover the reasonable cost of remedying the defects, so as to fulfill the terms of the contract. Without going into a detailed discussion of the authorities on this question, or attempting to state the limitations under which the rule is to be applied we think there was no error in applying it in this case. American Surety Co. v. Lyons, 44 Tex. Civ. App. 150, 97 S. W. 1080. Writ of error was denied in this case, and it was cited with approval by the Supreme Court in the cases of Graves v. Allert, 104 Tex. 614, 142 S. W. 869, 39 L. R. A. (N. S.) 591; Graves v. Hillyer, 48 S. W. 889; American Surety Co. v. Gonzales Water Co., 211 S. W. 251; Waco Cement Stone Co. v. Smith, 162 S. W. 1159; Stillwell Mfg. Co. v. Phelps, 130 U. S. 520, 9 Sup. Ct. 601, 32 L. Ed. 1035; Marsh v. McPherson, 105 U. S. 709, 26 L. Ed. 1139; Benjamin v. Hillard, 64 U. S. (23 How.) 149, 16 L. Ed. 518; notes to 39 L. R. A. (N. S.) 592; 9 C. J. p. 811.

The plaintiff was entitled to receive what he had contracted for—an installed heating plant, sufficient to heat his building to a certain temperature. If the plant put in by Simpson & Co. would not heat the rooms to a temperature of more than 55° in cold weather, as plaintiff's evidence shows, it had little value to the plaintiff, as it thus stood.

The difference between the value of what the plaintiff received and what he was entitled to receive might, as a practical proposition, be arrived at in two ways: If the system could be used to advantage in adding to, remodeling, and correcting its defects, so as to make it satisfy the contract, then the cost of the material and labor necessary to do this would be the most direct method of arriving at the damage. If the system as installed could not be used to advantage in this way, then its value would be only that of the material after it had been removed from the building, less the cost of removal, and plaintiff's damage would be the difference between this value and the cost of installing a new plant sufficient to heat the building. In either event, there might be special consequential damages in addition. There is no evidence to show that the plant installed by defendant could not be used to advantage, and in the absence of such showing we do not think there was any error in allowing recovery under the rule referred to.

[3, 4] The plaintiff testified that after the failure to get the defendants to do anything under the contract, he talked to several contractors, and had a master plumber go over the system and make recommendations of what was required; that he then got bids for the completion of the work and let a contract therefor; that the reasonable cost of work that was necessary to be done, and that was done, to make the job according to contract, was the sum of $690. The plaintiff testified that he was not himself qualified to say what was necessary to be done to remedy the defects, but was qualified to testify as to the reasonable cost of the work that was actually done. The fifth assignment complains of the admission of the testimony of the plaintiff that it was necessary to expend the $690 upon the heating plant in order to make the heating plant come up to the warranty, because it was shown that the said Brillhart was not qualified to give his opinion upon what was necessary to make the heating plant do the work.

We think this objection should have been sustained. The plaintiff was entitled only to recover the reasonable cost of what was reasonably necessary to remedy the defect, and while the plaintiff was qualified to testify and did testify as to the reasonable cost of the work that was actually done, he admitted that he was not qualified to testify as to what was reasonably required to be done. Our courts have held in a variety of cases that, when expenditures are made necessary by the wrong of another, the party making expenditures, before he can recover the amount paid, must show that there was a necessity for incurring the expense and that the amounts paid were reasonable. St. Louis Southwestern Ry. Co. v. Kirby, 146 S. W. 1005; P. & N. T. Ry. Co. v. McMeans, 188 S. W. 694; Seago v. White, 45 Tex. Civ. App. 539, 100 S. W. 1015. And we see no reason why the principles announced in these cases should not apply in this instance. Sutherland on Damages, § 91; Hottel v. Poudre Valley Reservoir Co., 41 Colo. 370, 92 Pac. 918; Ragan v. Keyes, 204 Mass. 294, 90 N. E. 847. We therefore sustain this assignment.

[5] We think the special exception referred to in the ninth assignment should have been sustained. The plaintiff, in general terms, alleged that the reasonable cost of work and material necessary in reconstructing the heating system so as to remedy

the defect, was the sum of $690. The allegations were not sufficient to reasonably apprise the defendant of what was done, and we think he was entitled on special demurrer to have these allegations made more specific. For these reasons the cause will be reversed and remanded.