### STANDARD ACCIDENT INS. CO. OF DETROIT, MICH., et al. v. LAIRD et al.
### No. 4631.

Court of Civil Appeals of Texas. Texarkana.
March 5, 1935.

Rehearing Denied March 14, 1935.

Touchstone, Wight, Gormley & Price, of Dallas, for appellants.

Lee, Porter & Latham, of Longview, for appellees.

SELLERS, Justice.

Roy H. Laird and others, trustees of St. John's Methodist Episcopal Church of Kilgore, Tex., brought this suit in the district court of Gregg county against John M. Nelson and Standard Accident Insurance Company of Detroit, Mich. The suit is to recover damages for an alleged breach of a certain con-

tract entered into by Roy H. Laird and the other trustees of the church with John M. Nelson on March 31, 1932, whereby Nelson agreed to erect a church building for the trustees at a maximum cost of $25,517.50. Said building was to be constructed in accordance with plans, drawings, specifications, and supplemental specifications which were expressly made a part of the contract. The contract provided that Nelson should execute to the church a bond in the sum of $25,000, guaranteeing the full and faithful performance of the contract. This bond was given by Nelson as principal, and Standard Accident Insurance Company as surety. Nelson began work on the building and continued until July 2, 1932, at which time he abandoned the contract, and the building was thereafter completed by the trustees in accordance with a provision of the contract authorizing them to proceed with the work when the contractor defaulted. On the date Nelson abandoned the contract he had been paid on the contract price of the building $14,857.-36. This left the trustees the sum of $10,660.-14 of the original contract price. The plaintiffs alleged that they were required to spend the sum of $5,442.27 more than the contract price in completing the building in accordance with the plans and specifications, and seek to recover judgment against the defendants for that amount. The trial was to a jury, and the court in compliance with the jury's verdict entered judgment for the plaintiffs for the sum of $2,580.05, from which judgment the defendants have duly prosecuted this appeal.

■ Plaintiffs in their first proposition assert: "This action being a suit upon a contractor's bond by the owner after abandonment of the job by the contractor, and it appearing that the contract price, including all changes but only extras for which there was an agreed price, totals $25,517.50, and payments to the contractor for his account total $14,857.36, and there being no evidence from which it could be inferred that the cost of completion, including all extras, exceeded the sum of $9,024.62, the owner was not entitled to recover any amount."

In so far as the law point stated in this proposition is concerned, it is not and cannot be successfully contradicted, for it is in all respects supported by the rule adopted in this state with reference to the measure of damages in such cases. Tex. Jur., Vol. 7, § 45, p. 599, states the rule in this language: "Where the contractor wrongfully repudiates or abandons the contract, or fails to perform it, the owner may take possession and complete the work himself. In this situation the owner may recover from the contractor any excess in the reasonable cost of completion over and above the unpaid portion of the contract price."

■ The only question, then, to be determined is the correctness of the facts stated in the proposition. There is no dispute between appellants and appellees as to the correctness of the amount of $25,517.50 being the amount appellees agreed to pay the contractor for the construction of the building. Neither is there any dispute that the sum of $14,857.36 had been paid the contractor Nelson by appellees at the time he abandoned the contract. This would leave with appellees the sum of $10,-660.14 to expend in completing the building before there would be any liability by appellants to appellees. If, then, appellants' statement in their proposition that $9,024.62 is all that the evidence shows was expended by the trustees in completing the building, certainly the jury's verdict is not supported by the evidence.

Appellants in their brief have set out what is claimed by them to be all the items of expenditures made by the trustees in the completion of the building with a reference to the statement of facts where each item may be found. A check of these items in the statement of facts shows such items are correctly stated in the brief and appellants' figures of $9,024.62 to be the correct total amount of such expenditures. The only answer appellees in their brief make to the statement in appellants' brief of the expenditure by the appellees in the completion of the building is to refer this court to pages 20 to 22 of the statement of facts. We have carefully read the pages referred to, and find no additional items of expenditure whatever. We do find, however, on the pages referred to a statement of the witness Laird that all the expenditures set out in a certain exhibit attached to appellees' petition were made, but the trouble with this is that such exhibit was not introduced in evidence, and therefore could not have been considered by the jury in arriving at their verdict. In this state of the record it must be held that the evidence is wholly insufficient to support the jury's finding.

The judgment for that reason is reversed, and the cause remanded.