Dan McKNIGHT, Appellant,

v.

Otis RENFRO, Appellee and Cross-Appellant.

No. 16236.

Court of Civil Appeals of Texas.

Dallas.

Sept. 27, 1963.

Rehearing Denied Nov. 1, 1963.

Olan R. Van Zandt, Sherman, for appellant.

Baker & Bryant, Sherman, and Cunningham, Cole & Southerland, Bonham, for appellee.

DIXON, Chief Justice.

Dan McKnight, a building contractor, brought suit against Otis Renfro and wife, Nellie Renfro, for alleged breach of a written contract whereby McKnight for a consideration of $8,597.00 agreed to build a house within 90 days on property owned by the Renfros.

McKnight pled that he was performing the work in a reasonable and workmanlike manner when the Renfros on February 13, 1960, the 93rd day, contrary to his wishes, took over the construction job, which had progressed 90% toward completion. McKnight further alleged that he was ready, able and willing to continue the work and could have completed the job in about ten days if the Renfros had permitted him to do so. McKnight went to trial on his alternative plea wherein he seeks recovery on a quantum meruit basis for labor and materials he had furnished up to the time the Renfros took over.

The Renfros filed an answer and a cross-action. They alleged that time was of the essence of the contract and that McKnight breached the contract by failing to complete the house within 90 days. As a consequence of such breach, as well as other alleged breaches, they took over the work and finished the house themselves. They seek recovery for the amount by which the cost of the completed house exceeded the contract price of $8,597.00.

The record before us does not include a statement of facts. However, some of the facts are undisputed. McKnight had actually begun work in the construction of the house on November 2, 1959. Subsequently, on November 17, 1959, the parties executed their written contract. The instrument expressly provides that McKnight "will within a period of ninety (90) days from November 12, 1959, build a house" on the Renfros' property. McKnight did not complete the house within the 90 day period. On February 13, 1960, the Renfros took over the job and thereafter finished the house at their own expense. Prior to taking over the Renfros had made payments to McKnight totalling $6,000.00.

A jury made findings in substance as follows: (1) the reasonable value of the material and services furnished by McKnight was $6,912.00; (2) on February 19, 1960, McKnight presented his claim for materials and services in excess of the $6,000.00 he had been paid; (3) reasonable attorneys' fees for McKnight are $500.00; (4) McKnight agreed to complete the house within 90 days from November 12, 1959; (5) for a consideration of $8,597.00; (6) the property is the homestead of the Renfros; (7) McKnight performed the work he did in substantial compliance with the contract, and (8) in good and workmanlike manner; (9) none of the materials used by McKnight are defective; (11) the Renfros reasonably and necessarily expended the sum of $3,400.00 in order to complete the house; and (12) the reasonable value of shiplap belonging to the Renfros that was used by McKnight was $60.00.

In his written judgment, dated November 2, 1962, the trial court also made findings and conclusions which in substance are as follows: (1) time was of the essence of the contract; (2) McKnight is entitled to the sum of $6,912.00 (the value of materials furnished by him) less the sum of $6,000.00 previously paid by the Renfros, leaving a remainder of $912.00 due to McKnight; (3) the Renfros were entitled to recover from McKnight the sum of $3,400.00 (the amount they expended in completing the house) less the sum of $2,597.00 (the difference between the $6,000.00 paid to McKnight and the contract price of $8,597.00), leaving a remainder of $803.00, which is the amount by which the cost of the house exceeded the contract price; (4) the Renfros were also entitled to recover $60.00, the value of the shiplap, making a total of $863.00 due the Renfros;

(5) the Renfros' recovery of $863.00 should be set off against McKnight's recovery of $912.00, leaving a balance due McKnight of $49.00; (6) McKnight is also entitled to attorneys' fees of $500.00, making a total of $549.00 as the amount of the judgment to which McKnight is entitled.

Both sides filed motions for judgment based on the jury's verdict. Judgment was rendered in favor of McKnight for $549.00 against Otis Renfro, but not against his wife, Nellie Renfro.

Both McKnight and Otis Renfro have appealed.

## McKNIGHT'S APPEAL

McKnight contends that he should have judgment for $1,412.00, being $6,912.00 (the value, as found by the jury, of his part performance) less the $6,000.00 paid to him by the Renfros, plus $500.00 attorneys' fees.

Since the record before us does not contain a statement of facts, we must base our decisions on the undisputed facts as disclosed by the pleadings and briefs, the findings of the jury and the findings and conclusions of the court insofar as it is permissible for fact findings by the court to be considered in this case.

The sum and substance of McKnight's contention is that he is entitled to recover for his partial performance on a quantum meruit basis for the work and materials furnished by him even if the total cost of the house after completion exceeded the contract price of $8,597.00. In support of this contention McKnight cites authorities which hold that such a recovery is permissible when full performance by the contractor is excused by reason of the wrongful acts of the owner. Texas Associates v. Joe Bland Construction Co., Tex.Civ. App., 222 S.W.2d 413; 10 Tex.Jur.2d 47–48; 17 C.J.S. Contracts § 112, p. 834.

■ We have concluded that McKnight is not entitled to recover under the above theory because he has failed to show that full performance by him was prevented by the wrongful conduct of the Renfros. There is no finding by the jury of any wrongful conduct by the Renfros and no showing that submission of pertinent issues was requested. McKnight's pleadings do allege wrongful acts by the Renfros, but the Renfros plead in denial of McKnight's allegations. Of course McKnight's pleadings do not constitute any proof whatsoever. In the absence of a statement of facts we cannot know that there was even any evidence of the alleged wrongful conduct of the Renfros.

McKnight apparently relies on the jury's answers to Special Issues Nos. 7, 8 and 9 to support his claim. The jury found that (7) McKnight *performed the work he did* "in substantial compliance with the contract and plans"; (8) he *performed the work he did* "in a good and workmanlike manner" and (9) "the materials used by Dan McKnight" were not defective.

The three issues and the jury's answers do not explain why McKnight failed to complete the performance of his contract. Certainly they are not findings of any wrongful conduct on the part of the Renfros in taking over and completing the construction of the house.

A good portion of McKnight's brief is taken up by argument and citations of authorities in an effort to show that time was not of the essence of the contract. We shall postpone our discussion of that question until we consider the appeal of the Renfros later in this opinion.

■ McKnight's first three points on appeal allege error because the court sustained three special exceptions leveled at McKnight's first amended petition. We do not find in the transcript any order or copy of an order sustaining the exceptions, therefore, we cannot consider McKnight's first three points. George v. Senter, Tex. Civ.App., 194 S.W.2d 290; Garcia v. Tubbs, Tex.Civ.App., 300 S.W.2d 736; 3 Tex.Jur.2d 645; Rules 376, Texas Rules of Civil Procedure.

McKnight's fourth point attacks the submission of Special Issue No. 4, which inquired whether McKnight agreed to complete the house within 90 days from November 12, 1959. The grounds of McKnight's objections were that the Renfros' pleadings and all the evidence show conclusively that the Renfros did not give McKnight an opportunity to complete the house, but themselves breached the contract by not giving him an opportunity to do so. The Renfros' pleadings certainly cannot be construed as admissions of any wrongdoing on their part. And in the absence of a statement of facts we cannot consider McKnight's objections that there was no evidence to support submission of the issue. 3 Tex.Jur.2d 699. On the contrary we must assume that there was evidence. 3 Tex. Jur.2d 703. We shall further discuss Special Issue No. 4 when we come to consideration of the Renfros' appeal.

In his fifth point McKnight says that the court erred in finding as a fact in its judgment that time was of the essence of the contract. This raises the question whether the court could properly make such a fact finding since this was a trial before a jury. This question will be discussed and decided when we reach the Renfros' appeal later in this opinion.

McKnight's points on appeal numbered 6 through 11 in substance are that the court erred (6) in setting aside on its own motion its first judgment rendered May 25, 1962; (7) in overruling McKnight's motion for judgment on the verdict; (8) in entering its judgment dated November 2, 1962, contrary to the law and the findings of the jury; (9) in finding as a fact that the Renfros were entitled to recover $803.00, which was the amount by which the cost of the house exceeded the agreed consideration of $8,597.00; (10) in submitting Special Issues Nos. 4 through 11; (11) in finding that the Renfros were entitled to recover $60.00 for shiplap which they furnished to McKnight and was used in the house.

We overrule all of McKnight's points numbered six through eleven. As to point No. 6, the records shows that the court set aside its first judgment on May 29, 1962, four days after it had been signed. This the court had a right to do. 33 Tex. Jur.2d 657; 687. Our reasons for overruling Point No. 7 will be discussed later in connection with the Renfros' appeal. Points Nos. 8 and 10 are too general to be entitled to our consideration. Novita Oil Co. v. Smith, Tex.Civ.App., 247 S.W.2d 151; Hudspeth v. Hudspeth, Tex.Civ.App., 206 S.W.2d 863. Point No. 9 refers to a conclusion of law, not a finding of fact, and a correct conclusion, as we shall point out in our discussion of the Renfros' appeal. Point No. 11 has no merit because it is undisputed that the Renfros, prior to their taking over the job, furnished the shiplap to McKnight and the jury found its value.

In his twelfth and thirteenth points McKnight complains of (12) the overruling of his exception to the Renfros' pleading of homestead and (13) the submission of Special No. 6 and the jury's answer thereto to the effect that the property was the homestead of the Renfros.

We agree with McKnight that the pleading and the jury's answer to the special issue are immaterial. McKnight was not attempting to assert or foreclose a lien on the property. In any event no harm was done, for we have concluded that for reasons heretofore given, McKnight is not entitled to a personal judgment against the Renfros, and in fact was not awarded a judgment against Nellie Renfro.

## OTIS RENFRO'S APPEAL

Renfro contends that judgment should have been rendered in his favor for $863.00. Of the above figure $803.00 represents the amount by which the total cost of the completed house exceeded the contract price of $8,597.00. The $60.00 represents the value of shiplap furnished to McKnight and used in the house.

Renfro has briefed thirteen points of error, the substance of which, as we gather

from the points and the arguments thereunder, may be summarized as follows: (1) time was of the essence of the contract, as found by the jury and the court; (2) McKnight breached his contract by failing to complete performance within 90 days; (3) therefore, the Renfros were justified in taking over the job and completing the house and their act in doing so did not constitute wrongful conduct; (4) the court applied the wrong measure of damages; the correct measure of damages allows the Renfros to recover judgment against McKnight for the amount the total cost of the house exceeded the contract price of $8,597.00.

■ Was time of the essence of this written contract? We agree with McKnight that ordinarily time is not of the essence of a contract. Chapman v. Levy & Levy, Tex.Civ.App., 193 S.W. 1101; Caprito v. Grisham-Hunter Corporation, Tex. Civ.App., 128 S.W.2d 149; 13 Tex.Jur.2d 526; 17A C.J.S. Contracts § 504(1), p. 789; 6 Williston on Contracts, 3rd Ed. Sec. 849, page 198; 3A Corbin on Contracts, Sec. 720, Page 377. But the intention of the parties may make it so. Edwards v. Atkinson, 14 Tex. 373; Henderson v. San Antonio & M. G. R. Co., 17 Tex. 560; Langley v. Norris, Tex.Civ.App., 167 S.W.2d 603; 13 Tex.Jur.2d 525. When the written instrument itself is not clear as to whether it was intended that time should be of the essence surrounding circumstances may be taken into consideration in determining the question. Kenedy Town & Imp. Co. v. First National Bank of Victoria, Tex.Civ.App., 136 S.W. 558; Gaut v. Dunlap, Tex.Civ. App., 188 S.W. 1020; Investors' Utility Corp v. Challacombe, Tex.Civ.App., 39 S. W.2d 175; Texas Associates, Inc. v. Joe Bland, Tex.Civ.App., 222 S.W.2d 413; 10 Tex.Jur.2d 29. When time is of the essence of a contract performance by a party at or within the time specified is essential to his right to require performance by the other party. Dayvault & Newsome v. Townsend, Tex.Civ.App., 244 S.W. 1108; Burks v. Neutzler, Tex.Com.App., 2 S.W.2d 416; 13 Tex.Jur.2d, 524, 525.

■ When the owner, upon failure of the contractor to perform takes over the job and completes the work himself, he may recover from the contractor the excess of the reasonable and necessary cost of completion over and above the unpaid portion of the contract price. Hillyard v. Crabtree, 11 Tex. 264; Gonzales College v. McHugh, 21 Tex. 257; American Surety Co. of N. Y. v. Lyons, 44 Tex.Civ.App. 150, 97 S.W. 1080; Franks v. Harkness, Tex.Civ.App., 117 S.W. 913; Da Moth & Rose v. Hillsboro Ind. School District, Tex.Civ.App., 186 S.W. 437; American Surety Co. v. Gonzales Water Power Co., Tex.Civ.App., 211 S.W. 251; Standard Accident Ins. Co. of Detroit, Mich. v. Laird, Tex.Civ.App., 81 S.W.2d 271; Ruberoid Co. v. Scott, Tex. Civ.App., 249 S.W.2d 256; 10 Tex.Jur.2d 69.

The Renfros pled that time was of the essence of their contract. They say that the case was tried on that issue, among others, and that the contract itself, the finding of the jury in answer to Special Issue No. 4, and the separate finding of the court are all to the effect that time was of the essence of the contract.

Special Issue No. 4 and the jury's answer thereto are as follows: "Do you find from a preponderance of the evidence that Dan McKnight agreed to complete the house in question within 90 days from November 12, 1959?

Answer: *Yes.*"

In connection with the issue the court instructed the jury that the issue referred to "90 calendar days".

Renfro says that the above answer constitutes a finding by the jury that time was of the essence of the contract and that the issue was submitted with that question in mind. McKnight seems to acquiesce in that view. This is shown by McKnight's fourth point on appeal, heretofore considered, which, quoted in full, is as follows: "The court erred in submitting Special Issue No. 4 to the jury over plaintiff's objection there-

to, *which permitted the jury in effect to find that time was of the essence of the contract"* (emphasis ours). However, in his argument under the point McKnight takes a position inconsistent with the above emphasized statement in his own point on appeal.

Special Issue No. 4 as worded is at best a defective submission of the question whether time was of the essence of the contract. However, since both parties apparently accepted the view that it does submit the question, we are inclined to give the issue the same interpretation given to it by the parties.

The court apparently sought to remedy any doubt there may have been about the meaning of the issue. In its written judgment the court made this very plain and explicit finding: "That time was of the essence of the contract entered into by the parties and dated November 17, 1959".

■ Ordinarily in a jury trial the judge may not make findings as to disputed facts. That is the function of the jury. But our Supreme Court has held that where one of a series of related factual questions making up an ultimate issue has not been submitted, or requested; or where there has been a defective submission without objection, or no objection has been made to the court's failure to submit the issue, the judge may remedy the deficiency by making such a finding on the issue as he finds the fact to be. Wichita Falls & Okl. Ry. Co. et al. v. Pepper, 134 Tex. 360, 135 S.W.2d 79; Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S.W.2d 904; Rodriguez v. Higginbotham-Bailey-Logan Co., Tex.Civ.App., 172 S.W.2d 991. That we believe is the situation which presents itself here.

It is true that McKnight objected to the submission of the issue. But as we pointed out in our consideration of McKnight's fourth point on appeal, the grounds of his objections were not such as permitted us to consider his objections. He made no objection whatever to the form of the issue as submitted.

■ It was not necessary to submit the issue as worded. The written contract expressly provided that the house should be completed within 90 days from November 12, 1959. But the related question which did require an answer is whether such time requirement was of the essence of the contract. If Special Issue No. 4 was not a submission of the latter question despite its acceptance as such by both parties, the trial judge was authorized to supply the deficiency by finding that time was of the essence of the contract. In the absence of a statement of facts we must assume that there was evidence to support the court's finding. 3 Tex.Jur. 702–703.

■ We hold that in view of the finding that time was of the essence of the contract, McKnight breached the contract by failing to complete the house within 90 days. The Renfros had a right to take over the job and finish the house. The jury found that the reasonable and necessary cost of completing the house was $3,400.00. The Renfros had already paid McKnight $6,000.00, so the house cost them $9,400.00. This was $803.00 in excess of the contract price of 8,597.00. Therefore Renfro is entitled to recover $803.00.

He is also entitled to recover for the shiplap which he furnished McKnight and which the jury found to have a value of $60.00.

Renfro is therefore entitled to judgment for $803.00 plus $60.00, a total of $863.00 principal.

McKnight's points on appeal are overruled. Renfro's points on appeal are sustained.

The judgment of the trial court is reversed and judgment is here rendered that McKnight take nothing by his suit and that Renfro have judgment against McKnight for the sum of $863.00.

Reversed and rendered.