Lewis **BLEDSOE** et al., Appellants,

v.

Roy **BOWDEN** et al., Appellees.

No. 16772.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 18, 1966.

Austin & Summerford, and Gerald N. Summerford, Fort Worth, for appellants.

Simon & Simon, and Harold D. Hammett, Fort Worth, for appellees.

## OPINION

RENFRO, Justice.

Defendants Bledsoe and Kirkland, appellants herein, entered into a written contract with plaintiffs Bowden and Kulaga, appellees, in which defendants as general contractor agreed to construct a commercial building for plaintiffs and pave the parking area and drives.

Plaintiffs alleged that the paving was done in such inferior manner that it was unusable, unfit and worthless. They sued defendants for the sum of $1,773.41, which amount they alleged they paid to a third party to do the paving job in a workmanlike manner.

The court, without a jury, rendered judgment for plaintiffs for the above amount.

In three points of error the defendants contend the court erred in impliedly holding as a matter of law that, (1) the general contractor is not entitled to credit for the unpaid portion of the contract price against the reasonable cost of remedying defective work; (2) the general contractor is re-

sponsible for the costs of improper remedial work done by a third party at the request of the owner; (3) the general contractor was responsible for the costs of performance of a contract made between a former subcontractor of the general contractor and the owner.

Findings of fact were not requested and none were made by the court.

The evidence, and inferences to be reasonably drawn therefrom, viewed in the light most favorable to the judgment, may be briefly summarized as follows:

The paving done by the subcontractor was completely worthless. Defendants recognized its faulty condition and refused to pay the subcontractor. Plaintiffs made repeated demands, extending over a period of several weeks, on defendants to make the paving meet the requirements of the contract as contemplated by the parties. Defendants failed or refused to do anything to correct the work. Finally, having determined that defendants would not perform, plaintiffs agreed with defendants' subcontractor that he could rework the paving. He did some remedial work whereupon plaintiffs paid him $800, which had been withheld for the paving job. The subcontractor's second attempt at paving was as disastrous as his first. Plaintiffs again demanded that defendants pave as contracted. Defendants again refused. Plaintiffs then engaged Gibbins, Inc., to do the paving work. Gibbins found it necessary, because of inadequate base laid by the subcontractor, to tear up and remove everything the subcontractor had done and do the entire paving job from the beginning. The reasonable charge for the work was $1,773.-41.

■ There was thus ample evidence to support the implied findings of the trial court that defendants abandoned the contract and that plaintiffs found it necessary to take possession and complete the work themselves.

■■ Where the contractor wrongfully repudiates or abandons the contract or fails to perform it, the owner may take possession and complete the work himself. When he does so the owner may recover from the contractor any excess in the reasonable cost of completion over and above the unpaid portion of the contract price. McKnight v. Renfro, 371 S.W.2d 740 (Civ.App., 1963, ref., n. r. e.); 10 Tex.Jur.2d 69, § 60.

Finding no reversible error, the judgment of the trial court is affirmed.

Affirmed.