**ELLIS OIL CO., Appellant,**

v.

**UNION OIL CO. OF CALIFORNIA,**
**Appellee.**

No. 01–83–0452–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 1, 1983.

Frank L. Mauro, Lake Jackson, for appellant.

John R. Gilbert, Gary L. McConnell, Angleton, for appellee.

Before EVANS, C.J., and DUGGAN and BASS, JJ.

## OPINION

EVANS, Chief Justice.

The plaintiff, Ellis Oil Co., brought this action on sworn account against Union Oil Co. of California, to recover the sum of $29,408.75, representing the balance allegedly due under a contract for services. After hearing the motions for summary judgment by both parties, the trial court entered judgment allowing Ellis Oil the sum of $1,617.19 on its claim, and denied all other relief. On this appeal, both parties complain of the trial court's judgment.

The controlling facts are reflected in the summary judgment proof and are not in dispute. Union Oil retained Ellis to clean out the drilling mud tanks on one of its offshore boats and to dispose of the mud. Ellis did clean out the tanks, but it then dumped the mud on a county road not far from the dock. After county law enforcement officials contacted the parties and demanded that the mud be cleared off the roads, Union Oil ran tests on the mud to confirm that it had come from one of its ships. Union Oil then paid another contractor to clean up the illegally dumped mud. Thereafter, Ellis billed Union Oil for the sum of $46,964.54, representing the cost of its services, and including a 15% fee for arranging the disposal of the mud. Union Oil paid Ellis $17,555.79, deducting its cleanup costs from the total invoice amount, and Ellis then filed this action to recover the outstanding balance of $29,408.75. Union Oil responded with a counterclaim for its clean-up costs, the amount of the counterclaim equalling the amount sued for by Ellis.

In its appeal from the trial court's judgment, Ellis contends that the summary judgment proof shows, as a matter of law, that Union is not entitled to the credit for its clean-up costs because it acted as a volunteer, and also because Union did not give Ellis an opportunity to cure the alleged defect.

Ellis did not controvert the summary judgment proof showing that it illegally dumped the drilling mud on the county

road. Therefore, the record shows, as a matter of law, that Ellis failed to dispose of the drilling mud in a legally proper manner.

■ While the parties did not expressly agree on the manner in which Ellis was to dispose of the drilling mud, it will be assumed that they contracted for performance in a lawful manner. *Seaview Hospital, Inc. v. Medicenters of America, Inc.,* 570 S.W.2d 35, 39 (Tex.Civ.App.—Corpus Christi 1978, no writ). Thus, we hold that the parties' agreement obligated Ellis not only to remove the drilling mud from Union's ship, but to dispose of it in a legally proper manner. The undisputed evidence shows that Ellis deliberately ordered the illegal dumping, and under the summary judgment proof, its failure to perform was established as a matter of law. Therefore, the record conclusively shows that Ellis was entitled to recover only the stipulated contract price, less the cost of curing its breach of the agreement. *Rheiner v. Varner,* 627 S.W.2d 459 (Tex.App.—Tyler 1981, no writ).

■ We overrule Ellis' contention that Union Oil acted as a volunteer in cleaning off the public roadways, and that Union was not entitled to offset its costs because it did not notify Ellis and give Ellis an opportunity to cure the alleged defect.

■ When a party abandons its obligations under a contract, the other party is entitled to complete the contract itself without further notice to the nonperforming party and to sue the nonperforming party for the cost of completion. *Bledsoe v. Bowden,* 411 S.W.2d 59 (Tex.Civ.App.—Fort Worth 1966, no writ). The case cited by Ellis for the proposition that it should have been given a second chance to perform its contractual duties, *Ogden v. Gibraltar Savings Ass'n,* 640 S.W.2d 232 (Tex.1982), is inapplicable here. In *Ogden,* the court held that the holder of a promissory note, which afforded a choice of remedies in the event of default, was required to inform the maker of the alleged default before exercising its optional right to accelerate.

We have concluded that the summary judgment proof establishes, as a matter of law, the right of Union Oil to an offset for the full amount of its counterclaim, and we find no basis for reduction of said amount by the sum of $1,617.19, as the trial court did in its judgment. Accordingly, we modify and reform the trial court's judgment so as to award the full amount of said offset to Union Oil.

The trial court's judgment is modified so as to delete the award to Ellis Oil of said sum of $1,617.19, and judgment is here rendered that Ellis Oil take nothing by its action against Union Oil; as so modified and reformed, the judgment of the trial court is affirmed.

All costs in the trial court and on this appeal are taxed against the appellant Ellis Oil Co.